J-A08033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| AISSATA DIALLO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAMADOU BARRY, | : | |
| | : | |
| Appellant | : | No. 3600 EDA 2014 |

Appeal from the Order October 27, 2014
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  July Term, 2014 No. 00787

BEFORE:     BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY: STRASSBURGER, J.                    **FILED MAY 09, 2016**

Mamadou Barry appeals *pro se* from the order entered on October 27, 2014, which denied his motion to strike judgment.  We affirm, albeit on a basis different from that of the trial court.[1]

The trial court summarized the factual and procedural history of this case as follows.

> On July 9, 2014, [] Aissata Diallo commenced this case by the filing of a judgment of arrearages as a result of [Barry's] failure to pay child support.  Said petition requested [the trial court] assess damages at $20,145.97 per the attached certification.[1]

---

[1] "[W]e may affirm the decision of the trial court on any valid basis appearing of record." *Louis Dreyfus Commodities Suisse SA v. Fin. Software Sys., Inc.*, 99 A.3d 79, 82 (Pa. Super. 2014).

*Retired Senior Judge assigned to the Superior Court.

<sup></sup>

¹ Pursuant to Pa.R.C.P. 1910.24, this petition was not filed with the Prothonotary of the family court, but with the Prothonotary of the Civil Division.

On August 27, 2014, [Barry] filed a motion to strike, arguing that the judgment should be stricken "as the matter is not final" as three petitions for modification were pending before [the family court] and were scheduled for a hearing before a master on September 9, 2014. Additionally, he argued that the judgment had been satisfied.

On September 17, 2014, [Diallo] filed an answer in opposition to [Barry's] motion, averring that there was no stay of the support order on which the certification had been based; the petitions to modify did not stay [Barry's] obligation to pay support; that a new certification of arrearages had been made after a Sheriff's Sale of the real estate which had been properly credited; that [Barry] had extensive real estate holdings with a gross value in excess of [$1 million]; and that the matter should be heard in Family Court.

On September 25, 2014, [Barry] filed a sur-reply, arguing that the judgment was premature as the final amount of the obligation was still subject to modification pending a Master's Hearing.

On October 1, 2014, [Barry] filed a motion to postpone the Sheriff's sale.

On October 6, 2014, following a hearing, [the trial court] postponed the Sheriff's sale to January 6, 2015.

On October 24, 2014, [the trial court] denied [Barry's] motion to strike.[2]

---

² Said order was not docketed until October 27, 2014.

On November 26, 2014, [Barry] filed a timely notice of appeal to the Superior Court of Pennsylvania.

On December 2, 2014, [the trial court] issued its order pursuant to Pa.R.A.P. 1925(b), directing [Barry] to file his

concise statement of [errors] complained of on appeal within twenty-one days.

On December 24, 2014, [Barry] filed his concise statement of [errors] complained of on appeal, alleging that [the trial court] erred in denying his petition to strike the judgment as it was not final; that [the trial court] erred in denying his petition and in not taking evidence on the alleged payment of his debt; and that his due process rights had been violated by the entry of a judgment on a case that had allegedly not been finalized.

Trial Court Opinion, 2/20/2015, at 1-2 (unnecessary capitalization omitted).

On appeal, Barry presents the same arguments as those presented in his concise statement. This judgment is governed by Pa.R.C.P. 1910.24, which sets forth procedure for enforcement of support orders and provides the following in relevant part.[2]

(a) On and after the date it is due, overdue support shall constitute a judgment against the obligor as provided by law. The prothonotary shall enter the judgment of record upon the proper docket and in the judgment index either at the direction of the court or upon praecipe of a party or the domestic relations section. The judgment must be accompanied by a written certification showing that obligor owes overdue support pursuant to an order of court.

(b) A petition to correct the judgment shall be limited to the following grounds: (1) no overdue support exists under the support order or (2) there is a mistake in the amount of overdue support. The petition initially shall be determined before a conference officer or hearing officer in the same manner as an original proceeding for support. Except as provided by order of court, the filing of a petition to correct a judgment shall not stay the proceedings.

***Note: It is important to note that the petition to strike or open a judgment used in civil practice is not adopted here.***

---

[2] Diallo relies upon this rule in her brief.

Pa.R.C.P. 1910.24 (emphasis added).

Based on the foregoing, it is clear that Barry's petition to strike judgment was procedurally improper. Even assuming *arguendo* that the trial court treated the petition as a permissible petition to correct judgment, Barry sets forth no argument whatsoever that no overdue support exists or that there is a mistake in the amount as required by Pa.R.C.P. 1910.24(b). Instead, Barry argued to the trial court, and continues to argue on appeal, that a judgment is premature where the amount of support had not been finalized because he had pending petitions for modification. That is not a basis for altering a judgment for past-due support.

Based on the foregoing, we affirm the order of the trial court denying Barry's petition to strike judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 5/9/2016